REBECCA WALKER, appellant, *v.* JAMES WALKER, appellee.

*Appeal from Cook.*

Under the statute, on appeal from the decision of a Probate Court in relation to the probate of a will, it is proper for the Circuit Court to direct the trial to be had before a jury; and on such trial it is not competent for either party to introduce any testimony in relation to the sanity of the testator, except that of the subscribing witnesses, who may be sworn and testify before the jury; and unless two of said witnesses concur in the belief that the testator was of sound mind at the time of executing the will, it cannot be admitted to probate. The belief of the witnesses may be formed not only upon what transpired at the time of executing the will, but also upon events which happened before; and the jury need not enquire into the foundation of the witnesses' belief, nor the circumstances under which, nor the time when, such belief was formed. The trial in the Circuit Court should be *de novo ;* and as to all questions except the sanity of the testator, the parties are not restricted to the testimony of the subscribing witnesses, or the evidence adduced before the Court of Probate.

The provision in the statute of wills, "that claims for debts may be tried by a jury, as in other cases," is not a prohibition of the right to a trial by jury in any other cases arising under the act.

AT the November term, 1835, of the Court of Probate of Cook county, Rebecca Walker, executrix of the last will and testament of Jesse Walker, deceased, presented said will to the Court for probate, and at the same time appeared James Walker, heir of said Jesse Walker, and resisted the probate of said will, on the ground that, at the time of the executing said will, the said Jesse Walker was not of sound mind and memory. The Court of Probate, after hearing the proofs and allegations of the parties, "ordered that the said will and testament be rejected, and that it be not admitted to probate." Rebecca Walker appealed to the Circuit

(1) McGregor *et al. v.* Blanchard, 5 Wend. 475.    (2) 1 Chit. Plead. 440.

Court of Cook county, where the cause was tried at the August term, 1837, before the Hon. Jesse B. Thomas and a jury. The jury returned a verdict, that " the proof of the execution of the said will is insufficient to admit it to probate record "; whereupon the Circuit Court affirmed the judgment of the Court of Probate, and the cause was brought into this Court by appeal.

On the trial in the Court below, the following bill of exceptions was taken.

" Be it remembered, that at a Circuit Court held at Chicago, in and for the county of Cook, on the twenty-fifth day of August, in the year of our Lord one thousand eight hundred and thirty-seven, this cause, which was brought into this Court upon the annexed bill of exceptions, transcript of evidence, and appeal from the decision of Isaac Harmon, judge of probate in and for the county of Cook, came on for trial before his Honor Jesse B. Thomas, the presiding judge of the said Court.

" The counsel for Rebecca Walker, the said appellant, moved the said Court that the said trial should be before the Court without a jury, and that the said trial be upon the transcript of the evidence returned by said judge of probate ; his Honor the judge decided, that the trial of the said cause should be upon the transcript of the judge of probate, and the appellant's bill of exceptions ; that a jury should be empannelled for the trial of said cause, and that, upon the said trial, it would not be competent for either party to introduce any testimony in relation to the sanity or insanity of the testator, except the subscribing witnesses to the said will, who might be sworn and give their evidence before the said jury ; that the trial as to all other decisions of the Court of Probate, as appeared from the appellant's bill of exceptions, and the transcript of the judge of probate, should be *de novo*, and that the parties in that respect would not be restricted to the evidence adduced before the judge of probate.

" A jury was accordingly empannelled, and after the testimony had been closed, the counsel for the appellee requested the Court to instruct the jury, that unless two of the subscribing witnesses to the said will stated, upon oath, that they concur in the belief that the testator was of sound mind at the time of the execution of the said will, the law is with the appellee ; which said instruction, as asked for, was given by the said Court.

" The Court also instructed the jury, that the said subscribing witnesses, in giving their opinions as to the sanity or insanity of the said testator, might found their opinion not only upon the events which transpired at the time of the execution of the said will, but also upon events which transpired antecedent to the execution of the said will ; and that the jury need not enquire into the foundation of the witnesses' belief, nor the circumstances under which, nor the time when, said belief was formed : to which said several

decisions, opinions, and instructions of the Court, except as to the decision of the Court, in regard to the testimony to be introduced on the trial, the said appellant, by her counsel, excepted, and prayed that this her bill of exceptions may be signed, sealed, and made a part of the record.

" J. B. Thomas, [seal.] "

J. Butterfield and J. H. Collins, for the appellant, cited R. L. 653 ; Gale's Stat. 718 ; 2 Stark. Ev. 922 ; 4 Burr. 224.

J. Young Scammon, for the appellee, cited R. L. 611, 612 ; Gale's Stat. 686, 687 ; Brown *v.* McConnell, 1 Bibb 266 ; 1 Bibb 442 ; 1 J. J. Marsh. 318.

Smith, Justice, delivered the opinion of the Court :

Two grounds of exception have been taken by the appellant in this cause : First, as to the mode in which the appeal from the judge of probate has been proceeded on and adjudicated ; and, Secondly, as to the instructions, and the principles embraced in them, applicable to the evidence, as laid down by the judge.

On the first point, the appellant does not complain of the order directing the trial of the cause upon the transcript of the judge of probate, and the appellant's bill of exceptions, but of that portion of the order which directed the empannelling of a jury, and the exclusion of all other evidence in relation to the sanity of the testator, except the subscribing witnesses to the will, who might be sworn and testify ; and that as to all other decisions of the Court of Probate, appearing from the bill of exceptions and transcript, the trial should be *de novo ;* and the parties not restricted in that respect, to the evidence adduced before the judge of probate.

We do not perceive that this order in the Circuit Court was erroneous. The 135th section of the " *Act relative to Wills and Testaments,*" (1) provides that the Circuit Court, in cases of appeal from the Court of Probate, shall proceed *de novo,* as to the judgment and orders appealed from ; and that claims for debts may be tried by a jury as in other cases. It would be difficult to understand the meaning of the language here used, did we not consider the terms as implying a new and original hearing of the cause, in the Circuit Court. How shall it proceed *de novo* as to the judgments and orders appealed from, if it does not permit a new hearing of the cause upon its merits ? If this be true, how can a rehearing on the merits be had, unless the forms of proceeding, used in the Circuit Court, in the trial of other cases, be adopted ? A proceeding *de novo* surely implies a new hearing on the facts, and law of the case ; and not a mere review, and decision upon the facts and decisions as they transpired, and were had before the Probate Court. The phraseology used in the bill of exceptions, that

(1) R. L. 653 ; Gale's Stat. 718.

the trial, as to all other decisions, should be *de novo*, seems to imply, that in regard to the question of the sanity of the testator, the trial was not *de novo*. This is conceived to be rather a misapprehension of the state of the proceedings had, and the use of an ambiguous phrase, which the proceedings as they appear sufficiently explain. The rehearing of the evidence, and the verdict of the jury were surely a proceeding *de novo*, on the intrinsic merits of the controversy. The insanity of the testator was the question before the judge of probate, but still it is again retried, and the facts reexamined, and original testimony introduced before the jury, — not what remained on paper before the judge of probate. We conceive, then, that as the Circuit Court is not bound to find the facts, but to pronounce the law arising on the facts judicially proven, it had an undoubted right to direct the empannelling of a jury to find those facts on which its judgment was to be given. The phrase in the act, " that claims for debts may be tried by a jury as in other cases," cannot be considered a negation of the right to empannel a jury in other cases than claims for debts. It is an affirmance of the right in that particular case, but is no prohibition to the adoption of similar proceedings in other cases. The further decision that the subscribing witnesses should alone be· permitted to testify to the mental condition of the testator, was certainly proper.

It will· be recollected that the object of the proceedings before the judge of probate, and the re-trial in the Circuit Court, was to obtain probate of the will. Two witnesses to the will are required to prove that they were present and saw the testator sign the will, or acknowledge the same to be his act and deed ; and that they believed the testator, at the time of signing or acknowledging the same, to be of sound mind and memory. Unless this be done, no probate can be granted. Hence it is most manifest that no other witnesses could be introduced to establish what the law requires shall be alone proven by the subscribing witnesses. The decision to exclude all other evidence of the proof of the execution of the will, and state of mind of the testator, was strictly correct.

On the second ground it satisfactorily appears, that there· was no error in the instructions given. The Court in saying that the concurrence of two of the subscribing witnesses in the sanity of the testator, at the time of the execution of the will, was necessary to establish its validity, did but declare what the law says shall be the only evidence in such cases. No error is perceived in the further instructions of the judge in determining that the subscribing witnesses, in testifying as to the mental condition of the testator, at the time of the execution of the will, might found their belief as well upon events which transpired antecedently to the execution of the will, as those which happened at its execution. Whether the testator had been previously subject to aberrations of mind or not, to their knowledge, would surely be a means of testing, in some

measure, the accuracy of their judgment, as to his condition of mind at the time of the execution of the will. The facts might be ancillary to the formation of an accurate judgment, and materially aid a just conclusion.

We are therefore of the opinion that the judgment of the Circuit Court should be affirmed with costs.

*Judgment affirmed.*

*Note.* Decisions as to construction of statutes: See note to Mason *v.* Finch, *Ante* 223.